UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, </br></br>Plaintiff, </br></br>v. </br></br>THE BLACK & DECKER CORPORATION, BLACK & DECKER, INC., BLACK & DECKER (U.S.) INC., EMHART CORPORATION, and EMHART, INC., </br></br>Defendants. | ) </br> ) </br> ) </br> ) C.A. No. 1:04-CV-10648-DPW </br> ) C.A. No. 1:04-CV-10649-DPW </br> ) C.A. No. 1:04-CV-10668-DPW </br> ) C.A. No. 1:04-CV-10669-DPW </br> ) C.A. No. 1:04-CV-10676-DPW </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**LIBERTY MUTUAL INSURANCE COMPANY'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL MEMORANDUM REGARDING ABARCA BOSTIK, ALWELL ASBESTOS, MARITIME ASBESTOS, MARITIME HEARING LOSS AND PENNSYLVANIA BENZENE CLAIMS**

Liberty Mutual Insurance Company ("Liberty Mutual") hereby responds to Black & Decker's Supplemental Memorandum regarding the five long-term exposure ("LTE") claims for which Liberty Mutual has paid, in full, its portion of defense costs to Black & Decker.

Black & Decker is not entitled to prejudgment interest, as claimed in its Supplemental Memorandum, because: (1) there was no agreement between the parties concerning interest; (2) Black & Decker does not have a "verdict, finding or order for judgment for pecuniary damages," as required; (3) Black & Decker was grossly dilatory in submitting invoices to Liberty Mutual, thereby waiving any

claim to prejudgment interest; and (4) Black & Decker deliberately withheld invoices, thereby waiving any claim to prejudgment interest.

If the Court nevertheless determines that Black & Decker is entitled to some prejudgment interest, the interest award should pertain only to attorneys' fees invoices which were actually paid by Black & Decker, and the accrual period should commence, at the earliest, from a date after which each such paid invoice was submitted to Liberty Mutual, and after which Liberty Mutual had a reasonable amount of time to review and pay that invoice and, in that event, the Court should set a rate which is reasonable, not a windfall to Black & Decker.

Finally, Black & Decker is not entitled to a declaratory judgment regarding the Alwell Asbestos Claim ("Alwell"), because Liberty Mutual has agreed to pay defense costs and continues to do so.

### A.    **Background**

In February 1996, Black & Decker allegedly gave notice to Liberty Mutual of four of the five LTE claims: Abarca Bostik, Maritime Asbestos, Maritime Hearing Loss, and Pennsylvania Benzene. In April 1996, just two months after Black & Decker provided notice to Liberty Mutual and while Liberty Mutual was investigating and reviewing those new claims, Black & Decker filed counterclaims regarding the four LTE claims in the 1996 action. Thereafter, Liberty Mutual informed Black & Decker it would defend all four LTE claims. In December 1996, Black & Decker allegedly notified Liberty Mutual of an additional, fifth, LTE claim regarding Alwell Asbestos. Liberty Mutual agreed to defend the Alwell claim, as well. Notwithstanding Liberty Mutual's agreement to defend, Black & Decker

failed to provide Liberty Mutual with any information, invoices, or bills concerning the defense of any of the five LTE claims.

On February 9, 1998, Black & Decker filed a motion for summary judgment. Black & Decker, for the first time, included in its papers a few invoices for the Alwell claim. Black & Decker still did not submit any invoices for the four other LTE claims. At oral argument on May 18, 1998,[1] Liberty Mutual's counsel explained to the Court that Liberty Mutual did not dispute its obligation to pay defense costs, but had not paid because Black & Decker had not submitted invoices or bills. This Court asked Black & Decker to confirm that no bills had been submitted:

> The Court: Now, have you submitted bills or invoices for your defense…?
>
> Mr. Pirozzolo: I believe no bills have been submitted. I believe no bills have been submitted since this case began.
>
> The Court: Why not?
>
> Mr. Pirozzolo: Because it's been the subject of litigation here. And, so we've been awaiting the determination. All bets are off once Liberty Mutual brought the case.
>
> The Court: Well, but it strikes me that there is some degree of self-inflicted wound then….

May 18, 1998 Hearing Transcript 25:8-20 attached hereto as Exh. 1.

The Court then instructed Black & Decker to produce invoices. Black & Decker did not comply with the Court's instructions for more than a year. Finally,

---

[1] Black & Decker's references to dates on p. 3 of its Supplemental Memorandum are incorrect.

Black & Decker produced some invoices on May 25, 1999.[2] Subsequently, Black & Decker produced supplemental invoices on February 14, 2000, October 12, 2000, March 30, 2001, July 11, 2001, February 4, 2002, March 26, 2002, July 23, 2002, December 3, 2002, January 2, 2004, and March 25, 2004. See Letters from Willcox Pirozzolo and McCarthy attached as Exh. 2.[3]

Some of the Black & Decker invoices dated as far back as 1994. Defense of the LTE claims was not tendered to Liberty Mutual until February, 1996, and invoices were not produced as instructed by the Court on May 18, 1998 until May 25, 1999. Liberty Mutual took a reasonable amount of time to review and analyze the years and years of invoices, and paid Black & Decker, in full, on February 12, 2002. Timely invoices submitted subsequent to that date have all been paid promptly and in full.

### B. Argument

#### 1. Black & Decker Is Not Entitled to Prejudgment Interest

Black & Decker is not entitled to prejudgment interest because the parties never had an agreement concerning interest; the requirements for statutory interest pursuant to M.G.L. c. 231, §6C have not been met; and because Black & Decker was either grossly negligent or deliberately dilatory in submitting invoices for payment to Liberty Mutual, thereby forfeiting any right to prejudgment interest.

---

[2] This production occurred when Liberty Mutual's counsel traveled to Black & Decker's counsel's office to review documents.
[3] Again, Black & Decker's references to dates in its Supplemental Memorandum are incorrect.

### (a) There Has Been No Verdict, Finding or Order for Judgment

Massachusetts law provides that a party is entitled to prejudgment interest only after "a verdict, finding or order for judgment for pecuniary damages..." M.G.L. c. 231, §6C. Where no such verdict, finding or order for judgment exists, as is the case here, M.G.L. c. 231, §6C does not apply. See <u>Protective Life Ins. v. Dignity Viatical</u>, 171 F.3d 52, 54 (1st Cir. (Mass.) 1999) ("for a claim to come within the compass of the statute, a breach must occur and that breach ultimately must ripen into a judgment for pecuniary damages.") (citing <u>Perkins Sch. for the Blind v. Rate Setting Comm'n</u>, 383 Mass. 825, 835 (1981)); <u>The Henley-Lundgren Co. v. Commonwealth</u>, 27 Mass. App. Ct. 1195, 1196 (1989) *rescript op.* (holding that where a claim for extra work was paid before the commencement of the action and "there was no verdict, finding, or order for judgment... Section 6C has no bearing to the claim..."). Absent a verdict, finding or judgment for pecuniary damages, Black & Decker is not entitled to prejudgment interest under M.G.L. c. 231, §6C or any other theory.

### (b) Liberty Mutual Has Not Breached Any Agreement

Black & Decker is not entitled to prejudgment interest because Liberty Mutual did not breach any agreement. In a contract action, Massachusetts law requires that a breach of contract exist in order for statutory prejudgment interest to be awarded. See M.G.L. c. 231, §6C (interest runs "from the date of the breach or demand"); <u>Protective Life Ins. v. Dignity Viatical</u>, 171 F.3d at 54, citing <u>Perkins Sch. for the Blind</u>, 383 Mass. at 835; <u>Henley-Lundgren Co.</u>, 27 Mass. App. Ct. at

1196. Liberty Mutual has not breached any contract, nor does Black & Decker point to any breach. Liberty Mutual informed Black & Decker that it would pay for a defense of the claims. Black & Decker refused to provide Liberty Mutual with invoices reflecting the cost of those defenses. When, after years of withholding the invoices, Black & Decker finally produced them, Liberty Mutual took a reasonable amount of time to review them and then paid them in full. Absent a breach or proper demand, Black & Decker is not entitled to any prejudgment interest.

### 2. Black & Decker Waived Its Right To Prejudgment Interest When It Submitted Invoices Many Years Late

Black & Decker seeks prejudgment interest for invoices it failed to produce to Liberty Mutual for many years. Black & Decker claims that Liberty Mutual should pay interest on bills for a time period when Black & Decker either negligently or deliberately withheld invoices because "all bets were off" once Liberty Mutual brought a declaratory judgment action regarding entirely separate and distinct matters. After negligently or deliberately withholding the information from Liberty Mutual, Black & Decker now argues that it deserves prejudgment interest for that period of time when it refused to inform Liberty Mutual how much it owed in defense costs, as well as for that period of time when it failed to follow the Court's directive to produce invoices.

Black & Decker should not benefit from its own inaction which caused the delay in payment. Where a party's own actions are the cause of delayed payment, an award of prejudgment interest would be contrary to the statutory purpose of M.G.L. c. 231, §6C. The "statute is designed to compensate a damaged party for the

loss of use or unlawful detention of money ..." Perkins Sch. for the Blind, 383 Mass. at 835. Since Black & Decker's own inaction was the cause of any alleged delay in payment, it cannot now claim the right to be compensated for loss of use or unlawful detention of money. After receiving the invoices years late, Liberty Mutual took a reasonable amount of time to review and analyze the bills, and then paid them in full. In fact, Black & Decker is not contesting that the bills were paid in full. Liberty Mutual paid the invoices as soon as it could reasonably have been expected to do so given Black & Decker's deliberate or negligent excessive delay in presenting the invoices. Black & Decker had no right or reasonable expectation to be paid until the invoices had been submitted and a reasonable opportunity to review the years and years of invoices had been provided. Accordingly, Black & Decker is not entitled to interest.

   **3. If Black & Decker Is Entitled to Prejudgment Interest, It May Only Be Awarded With Respect To Those Invoices Actually Paid By Black & Decker, And The Accrual Date Cannot Precede Black & Decker's Presentment Of Those Invoices To Liberty Mutual For Reimbursement.**

Despite the fact that there has been no judgment and no agreement that Black & Decker is somehow entitled to interest on the LTE defense costs, Black & Decker has tried to position itself in its submission as a successful litigant entitled to an award of prejudgment interest for breach of contract under M.G.L. c. 231, §6C at the statutory rate of twelve percent per annum. In an effort to secure a windfall, Black & Decker asserts that the interest period should start running thirty days after the date of each invoice (some of which date back to 1994), regardless of the

date (if any) on which Black & Decker actually paid each such invoice, or the date on which the invoice was presented to Liberty Mutual for payment.

As set forth above, there is no basis for Black & Decker's claim of entitlement to statutory prejudgment interest, due to the lack of a judgment or an interest-payment agreement. Even if an award of interest were somehow considered to be warranted under c.231, §6C, no interest would be owed unless or until Black & Decker presented the invoices to Liberty Mutual, was rebuffed in its demand that Liberty Mutual pay the invoices, and thereafter paid the invoices itself. See Sterilite Corp. v. Continental Cas. Co., 397 Mass. 837, 840-42 (1986) ("The dates of the payment of the various bills, which is readily ascertainable, determine the points at which [the policyholder] was obliged to commit sums which it rightfully should not have been obliged to commit . . . . No interest is due on sums when [the policyholder] was not deprived of the use of those sums.")(emphasis added). See also Interstate Brands Corp. v. Lily Transportation Corp., 256 F. Supp. 2d 58, 64 (D. Mass. 2003) ("With regard to attorneys' fees, the law is clear that, if this were a case where fees are subject to interest, . . . interest should only be awarded from the date legal bills actually were paid."). Prejudgment interest in insurance cases involving payment of defense costs is calculated "on the basis of the various dates on which the legal bills were paid by [the policyholder]." Sterilite, 397 Mass. at 842. In view of Black & Decker's failure to demonstrate that it paid the attorneys' fees invoices at all, let alone that it paid them on specified dates, it cannot be awarded prejudgment interest under c.231, §6C. See id. ("Before those bills were paid, [the

policyholder] was not deprived of the use of its money. No interest is due on sums when [the policyholder] was not deprived of the use of its money.").

Even if Black & Decker were able to present evidence that it paid the invoices on specific dates, the mere fact of such payment cannot, in this case, establish that Black & Decker was wrongfully deprived of the use of its funds and is therefore entitled to interest as of the payment dates. Since Black & Decker never presented Liberty Mutual with the invoices until years after they were issued (and, presumably, paid by Black & Decker), there was no other party who was obligated to pay those invoices as of their due date, other than Black & Decker. Black & Decker therefore cannot be heard to contend that Liberty Mutual's alleged failure to pay invoices that it was never given the opportunity to pay somehow caused Black & Decker to be deprived of the use of its funds and thereby eligible for an interest award.

The argument advanced by Black & Decker for the calculation of interest based on the date of an invoice makes no sense. Until invoices are presented, there can be no obligation to pay. There was nothing to pay. Invoices left sitting in Black & Decker's files by Black & Decker are a useless, inequitable and unfair basis for setting a clock running on Liberty Mutual's obligation to pay. Demand for payment has to be made by submitting the invoices to the party to be charged, in this case, Liberty Mutual. When Black & Decker finally submitted the years of withheld invoices to Liberty Mutual, they were paid after a reasonable time for review and approval. Accordingly, prejudgment interest is not warranted on the facts of this

case.[4] Cf. St. Paul Surplus Lines Ins. Co. v. Feingold & Feingold Ins. Agency, Inc., 427 Mass. 372, 377 (1998)("in calculating prejudgment interest under G.L.c.231 . . . [§] 6C (applicable to contract actions), the fact that no loss was incurred until after an action was commenced should be recognized, as a matter of fairness, in order to avoid giving a party an undeserved windfall.").

    **4.** **If Interest Is Owed, The Court Should Exercise Its Discretion To Set a Reasonable Rate of Interest, Because The Statutory Prejudgment Interest Rate Is Inapplicable.**

As noted above, the statutory rate of interest established under M.G.L. c.231, §6C does not apply to this case, because there has been no "verdict, finding, or order for judgment for pecuniary damages." Accordingly, should the Court determine that any interest is payable to Black & Decker for allegedly late payments of invoices after they were presented to and reviewed by Liberty Mutual, the applicable rate of interest should be determined with reference to market rates of interest payable at the time when Liberty Mutual allegedly should have made the late payments. See generally Boston Children's Heart Foundation v. Nadal-Ginard, 73 F.3d 429, 442 (1st Cir. 1996) (where statutory prejudgment interest is not applicable, district court may use its discretion to apply United States Treasury bill rates to determine interest rates; "[i]n light of the fact that interest is awarded to ensure that a party

---

[4] If this Court determine that interest should be awarded to Black & Decker with respect to the time period following Black & Decker's presentment of paid invoices to Liberty Mutual for reimbursement, then the interest period should run only from the date that the Court determines was the conclusion of a reasonable period within which Liberty Mutual could review the bills, until the date of Liberty Mutual's reimbursement payment. If the invoices were paid promptly after the invoices were presented plus a reasonable time for review, there should be no prejudgment interest. In making its determination of a reasonable time, the Court should consider that Liberty Mutual was presented at one time with years of invoices to review. The Court should also consider that Liberty Mutual paid subsequent invoices timely, when those invoices were presented promptly by Black & Decker.

is fully compensated for its injuries, the fact that the district court relied on the United States Treasury bill rates did not prejudice [either party]." ). As noted by the First Circuit, application of the twelve percent prejudgment interest rate established in c.231, §6C in a case which does not involve an award of prejudgment interest "would have resulted in a windfall to [plaintiff]." Id.

In this case, applying an interest rate greater than the actual cost of money at the time of the allegedly late, post-presentment and review payments by Liberty Mutual would result in a windfall to Black & Decker. Applying the United States Treasury bill rate, as the First Circuit confirmed was not an abuse of discretion in Boston Children's Heart Foundation v. Nadal-Ginard, would be the most appropriate rate of interest, if any interest rate is calculated at all. 73 F.3d at 442.

### 5. Black & Decker Is Not Entitled to a Declaratory Judgment Regarding the Alwell Claim

The Alwell Asbestos Claim ("Alwell") (Civil Action No. 1:04-10649-DPW) is still pending. Liberty Mutual has received, and has paid in full, defense cost invoices submitted to it by Black & Decker. Black & Decker seeks a declaratory judgment that Liberty Mutual is obliged to continue to provide a defense regarding the Alwell claim. Black & Decker's request is moot, however, because Liberty Mutual has already agreed to provide such a defense, and in fact, has been doing so.

C.  **Conclusion**

In conclusion, Liberty Mutual urges that this Court issue an order entering summary judgment in favor of Liberty Mutual with regard to the five LTE claims; denying Black & Decker's Motion for Partial Summary Judgment with respect to the five LTE claims, as set forth in its Supplemental Memorandum; and dismissing with prejudice all of Black & Decker's five LTE claims, including the Alwell Asbestos claim.

**LIBERTY MUTUAL
INSURANCE COMPANY**

By its attorneys,

_____
Ralph T. Lepore, III (BBO #294420)
Harold W. Potter, Jr. (BBO#404240)
Wendy E. Millette (BBO#647865)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

Dated:  May 5, 2004

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon counsel to defendants by hand delivery on May 5, 2004.

_____
Ralph T. Lepore, III

# 1912227_v1