# EXHIBIT A

Case 1:04-cv-10676-DPW    Document 14-2    Filed 11/16/2004    Page 1 of 4

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * *
                              *
LIBERTY MUTUAL INSURANCE      *
   COMPANY                    *
              Plaintiff       *
                              *
   VERSUS                     *   CA-96-10804-DPW
                              *
BLACK AND DECKER CORP.        *
              Defendant       *
                              *
* * * * * * * * * * * * * * *
```



NOV - 3 1998

BEFORE THE HONORABLE DOUGLAS P. WOODLOCK

UNITED STATES DISTRICT COURT JUDGE

HEARING

OCTOBER 30, 1998

APPEARANCES:

  RALPH LEPORE, ESQ. AND ROBERT A. WHITNEY, ESQ.,
  Holland & Knight, LLP, 18 Tremont Street, Eighth
  Floor, Boston, Massachusetts  02108, on behalf of
  Plaintiff

  JACK R. PIROZZOLO, ESQ. AND RICHARD L. BINDER, ESQ.,
  Willcox, Pirozzolo & McCarthy, 50 Federal Street,
  Boston, Massachusetts  02110, on behalf of
  Defendant

                    Courtroom No. 1 - 3rd Floor
                    1 Courthouse Way
                    Boston, Massachusetts 02210
                    2:40 P.M. - 4:10 P.M.

         Pamela R. Owens - Official Court Reporter
              1 Courthouse Way - Suite 3200
              Boston, Massachusetts  02210

  ALSO PRESENT:  Linda Biagioni

  Method of Reporting:  Computer-Aided Transcription

Page 54

1  MR. PIROZZOLO: I know Your Honor has not
2  imposed that on us and I appreciate your not doing it at
3  this point.
4  THE COURT: No. You impose it on yourselves.
5  All right. I think this is going to be the fastest way to
6  get through this --
7  MR. LEPORE: I think it is, Your Honor.
8  THE COURT: -- without making excathedra
9  pronouncements in this area that will not be helpful.
10 MR. LEPORE: Your Honor, may I ask a question?
11 THE COURT: Sure.
12 MR. LEPORE: With respect to the lost policy or
13 long-term exposure things, do you want any discussion
14 about that?
15 THE COURT: No, I don't want to deal with that.
16 MR. LEPORE: Fine.
17 THE COURT: I don't want anymore briefing on
18 that.
19 MR. LEPORE: No, that's not what I meant. But
20 do you want to schedule a hearing for that or do you want
21 to just hold off for now?
22 THE COURT: Let's talk about it later.
23 MR. LEPORE: Fine.
24 THE COURT: But let me just ask: Have there
25 been any changes since the last hearing and the matters

Page 55

1  that are in dispute? We took some sites off the list,
2  that sort of thing.
3  MR. PIROZZOLO: I don't think anything
4  significant. No. I don't think anything. Just off hand,
5  I can think of no changes as to something being closed
6  or --
7  THE COURT: Yes.
8  MR. PIROZZOLO: I don't think so. It's all
9  pretty much the same stuff.
10 THE COURT: And with respect to the long-term
11 exposure cases, are they just sitting there; is that it?
12 MR. PIROZZOLO: Well, three cases are disposed
13 of, so we're dealing with the money.
14 MR. LEPORE: Right.
15 MR. PIROZZOLO: And two are ongoing. And I
16 don't know, as we speak, the specific status of those.
17 MR. WHITNEY: We really can't comment. We've
18 been provided with no updated documents for a couple of
19 years. My assumption is they are ongoing on some low
20 burner level at this point. We haven't been provided --
21 THE COURT: Your mean short money involvement?
22 MR. LEPORE: Yes.
23 MR. WHITNEY: I'm assuming so. Yes. And it's
24 mostly the defense costs, I think, that are at issue that
25 we were going to address today, but we'll address them

Page 56

1  whenever you're ready.
2  THE COURT: Well, does it make sense for you --
3  I have grazed on your submissions, but I have not fully
4  masticated them.
5  MR. PIROZZOLO: Your Honor --
6  MR. WHITNEY: The main issue just focuses, I
7  think, on basically three of the major claimants and
8  basically two different cost-sharing agreements.
9  THE COURT: Well, do you want to talk about it
10 on the 8th?
11 MR. LEPORE: That's fine.
12 MR. WHITNEY: Well, that's why we wanted to
13 know. I can be prepared to do that if you'd like.
14 THE COURT: Right.
15 MR. WHITNEY: It will probably take a little
16 time just because there's numerous -- as you've seen,
17 there are several documents to go through. We can be
18 prepared to do that and then move directly on to the BROS
19 site if you'd like.
20 THE COURT: Well, if we're really talking about
21 four sites --
22 MR. LEPORE: Yes.
23 MR. WHITNEY: I'm sorry, the BROS and then the
24 ones after that.
25 THE COURT: Right.

Page 57

1  MR. PIROZZOLO: So, I mean, those are -- there's
2  a lot there. Your Honor, we have submitted to the other
3  side and also filed substantial numbers of the bills. But
4  I'm not sure -- I'm not confident all of the bills are in
5  the record. And I'm not confident all of the bills -- I
6  am confident all of the bills have not been submitted to
7  the other side. And in the back of my mind has been the
8  idea that we would pretty readily come to agreement on the
9  amounts once liability for defense or indemnification is
10 adjudicated. And that if there are disputes, that they
11 could be pointed or sharpened for the Court. And there is
12 a little peril to that, although peril to Libery Mutual,
13 that we've put the bills in and they haven't rebutted
14 them. But we could bring the record right up to date
15 between now and -- but it would be a huge amount of
16 paperwork and I'm not sure that it will serve --
17 THE COURT: Unless it serves some collateral
18 purpose of advancing settlement discussions, it seems to
19 me that's the last thing that I'm going to get to.
20 MR. PIROZZOLO: I think that seems to me to be
21 very practical. There may be some specific disputes and
22 those could be articulated. In other words, it's just
23 lawyers' bills and consultants' bills, and they are
24 voluminous. It's more of an auditing or an accounting
25 issue.

Page 58

1  THE COURT: I don't need anymore paper on this.
2  MR. PIROZZOLO: So, no more paper. I just want
3  to make sure that we're not --
4  THE COURT: But that's the last -- truly the
5  last thing that I'm going to reach, I believe, in this
6  area.
7  MR. PIROZZOLO: In answer to the Court's
8  question, we haven't brought the figures up to date,
9  although I will try and get a pretty good idea of what it
10 is without papering the record.
11 MR. LEPORE: That's fine.
12 THE COURT: Tell them, but don't tell me yet.
13 MR. PIROZZOLO: And let them know what it is.
14 THE COURT: But we will take up the long-term
15 disability.
16 MR. LEPORE: It shouldn't take more than -- I
17 mean, a lot of time.
18 THE COURT: Okay. So we'll try and deal with
19 that first out and then take up the rest of these. And
20 we'll do that on the 8th. We'll do it on the 8th, but
21 hold open as well the 11th in the afternoon, Friday.
22 MR. WHITNEY: December 11th.
23 THE COURT: So, I have gotten those two dates
24 available for this.
25 MR. LEPORE: Great.

Page 59

1  MR. WHITNEY: I'm sorry. The same time,
2  2 o'clock?
3  THE COURT: Yes, 2 o'clock.
4  MR. LEPORE: Thank you, Your Honor.
5  MR. PIROZZOLO: Thank you, Your Honor.
6  THE COURT: Thank you very much. We'll be in
7  recess.
8        RECESSED AT 4:10 P.M.
9
10       C E R T I F I C A T E
11 I, PAMELA R. OWENS, Official Court Reporter,
12 U. S. District Court, do hereby certify that the foregoing
13 is a true and correct transcription of the proceedings
14 taken down by me in machine shorthand and transcribed by
15 same. I certify that the transcript fees charged and the
16 page format used by me comply with the requirement of
17 this Court's court reporter plan and the requirements of
18 the Judicial Conference of the United States.
19 _____
20
21
22
23
24
25